**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 21, 2022**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2021AP2095**

**STATE OF WISCONSIN**

Cir. Ct. No.  2021SC4862

**IN COURT OF APPEALS
DISTRICT IV**

ERIC MOORE,

   PLAINTIFF-RESPONDENT,

 V.

COREY BURGER,

   DEFENDANT-APPELLANT.

        APPEAL from a judgment of the circuit court for Dane County: SARAH B. O'BRIEN, Judge.  *Reversed and cause remanded for additional proceedings.*

        ¶1    KLOPPENBURG, J.[1]   Corey Burger appeals a judgment of eviction entered against her and in favor of her then landlord, Eric Moore.  Burger argues

_____

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

that the circuit court erroneously granted a judgment of eviction based on its determination that her lease was amended from providing for a term of more than one year to a month-to-month tenancy, and, accordingly, that Moore provided her with the statutorily required notice period before terminating her tenancy.

¶2    I agree, based on the unambiguous text of the lease that was signed by Moore and Burger and the undisputed facts, along with Moore's failure to develop arguments supported by legal authority to the contrary. Therefore, I reverse the judgment of eviction and remand to the circuit court for additional proceedings.

## BACKGROUND

¶3    On June 24, 2021, Moore and Burger entered into a written residential lease agreement (the lease) for a term starting July 1, 2021, and ending August 30, 2022. The lease contains thirty-nine numbered, printed paragraphs above the signature block. Three unnumbered, handwritten paragraphs appear below the signature block. The first unnumbered handwritten paragraph begins "Amendment from page 1" and addresses the amount and timing of the monthly rent payments. The second begins "from page 4 #23" and addresses additional monthly payments for housing two cats in the residence. The third begins "Amendment from page 1 #4" and states that the lease will be a month-to-month tenancy, starting August 1, 2021, and ending July 31, 2022, and that upon breach of the lease the occupants will "quit and surrender" the property "with a 28 day notice."

¶4    In September and October of 2021, Moore served Burger with three notices to terminate the tenancy.

2

¶5      The first notice, dated September 3, 2021, was titled "Nonrenewal of Month-to-Month Tenancy" and stated as the reason for nonrenewal the violation of several lease provisions. This notice also stated that the "month-to-month tenancy … is terminated as of midnight on Sep[tember] 30, 2021 …."

¶6      The second notice, dated September 6, 2021, was a "5-Day Cure or Quit Notice" and stated that Burger "materially violated the rental agreement" for the violation of the same two lease provisions as stated in the September 3 notice of nonrenewal as well as Burger's failure to pay the total rent amount. This notice required that Burger vacate the premises in five days.

¶7      The final notice, dated October 1, 2021, was also a "5-Day Cure or Quit Notice" and stated that Burger breached the lease by violating the same two lease provisions as indicated in the two September notices. This notice required that Burger vacate the premises in five days.

¶8      On October 8, 2021, Moore filed this eviction action.

¶9      Burger moved to dismiss the eviction action asserting that her lease is for more than one year and is, therefore, subject to WIS. STAT. § 704.17(3), which requires a thirty-day notice prior to the termination of a tenancy under a lease for more than one year. Burger asserted that Moore's "5-Day Notice is void for its failure to fulfill the essential requirement of a 30-Day Notice mandated by WIS. STAT. § 704.17(3)(a)."

¶10     The circuit court held a hearing in December 2021, at which Moore and Burger testified. The court found that the lease was amended to a month-to-month tenancy at the time of signing, that Moore had cause to terminate the tenancy, and that Moore provided the required notice to terminate the tenancy

under the statute governing termination of month-to-month tenancies.  The circuit court then entered a judgment for eviction.

¶11    Burger appeals.

## DISCUSSION

¶12    Moore's briefing suffers from multiple deficiencies, including undeveloped legal argument with no references to legal authority or citations to the record on appeal, and the failure to follow most of the rules of appellate procedure that apply to respondent's briefs, namely WIS. STAT. § 809.19(1)(a), (c), (e), and (f).  I could reject Moore's brief for those reasons.  *See* ***State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (this court need not address the merits of inadequately developed arguments that do not conform to rules of appellate procedure).  I note that Moore is self-represented, and can therefore be granted "'a degree of leeway'" in presenting his arguments "in recognition of the fact that," unlike attorneys, he is "unfamiliar with the procedural rules and substantive law that might govern" appellate briefing.  *See* ***State ex rel. Wren v. Richardson***, 2019 WI 110, ¶25, 389 Wis. 2d 516, 936 N.W.2d 587 (citation omitted).  However, I cannot "step out of [my] neutral role to develop or construct arguments for parties; it is up to them to make their case," and when "they fail to do so, [I] may decline to entertain those issues."  ***SEIU, Loc. 1 v. Vos***, 2020 WI 67, ¶24, 393 Wis. 2d 38, 946 N.W.2d 35.  As I explain below, I conclude that Burger properly supports her arguments as to the construction of the lease and the applicable notice requirement, and I do not consider whatever arguments Moore intends to make to the contrary because he fails to support such arguments with relevant legal authority or citations to the record.

¶13    On appeal, Burger does not dispute the circuit court's finding that Moore had cause to terminate the tenancy as a result of Burger's violation of several lease terms.  Rather, she argues that Moore did not provide her with the required notice period before terminating her tenancy and, therefore, this eviction action was not properly commenced.

¶14    The statutes impose different notice requirements for terminating a tenancy, depending on the term of the lease.  *See* WIS. STAT. § 704.17(1p)(b)1.-2. (generally requiring notice of five or fourteen days to terminate a month-to-month tenancy) and (3)(a) (requiring notice of thirty days to terminate a tenancy under a lease for more than one year).  The statutes also provide that a landlord may not commence an eviction action without having provided timely notice of termination of tenancy so as to end the tenant's entitlement to occupancy of the premises. WIS. STAT. § 704.19(8) (stating that the effect of providing statutorily required notice is that the tenant is no longer entitled to possession or occupancy of the premises); WIS. STAT. § 799.40(1) (stating that an eviction action may be commenced by a person entitled to the possession of real property to remove any person who is not entitled to either possession or occupancy of such property). Whether Moore provided Burger with the required notice period before terminating Burger's tenancy, and, accordingly, whether Moore properly commenced this eviction action, depends on whether the lease provided for a term of more than one year as argued by Burger, or for a month-to-month tenancy as argued by Moore.

¶15    I first address Burger's argument that the circuit court erroneously determined that the lease was amended from a term of more than one year to a month-to-month tenancy.  Because I conclude that the unambiguous text of the lease establishes that the lease was for a term of more than one year, and Moore

fails to make a legally supported argument that it was amended to a month-to-month tenancy, I then address Burger's argument that the circuit court erroneously determined that Moore provided Burger with the required notice period before terminating her tenancy.

## I. Interpretation of Lease

¶16    A lease is a written contract and its interpretation "is controlled entirely by well-established canons of contract interpretation." ***Tufail v. Midwest Hosp.***, LLC, 2013 WI 62, ¶24, 348 Wis. 2d 631, 833 N.W.2d 586. "The interpretation of a contract presents a question of law, which we determine independently of the conclusions rendered by the circuit court …." ***Id.***, ¶22. Here, the circuit court presided over an eviction hearing at which both parties testified about the lease provisions at issue, and the court made findings of fact. "We accept the circuit court's findings of fact unless they are clearly erroneous." ***Id.***, ¶23.

¶17    "Contract interpretation generally seeks to give effect to the parties' intentions." ***Tufail***, 348 Wis. 2d 631, ¶25. "Where the terms of a contract are clear and unambiguous, we construe the contract according to its literal terms." ***Id.***, ¶26. However, "[a] contract provision is ambiguous if it is fairly susceptible of more than one construction." ***Management Computer Servs., Inc. v. Hawkins, Ash, Baptie & Co.***, 206 Wis. 2d 158, 177, 557 N.W.2d 67 (1996). "Only when the contract is ambiguous … may the court look beyond the face of the contract and consider extrinsic evidence to resolve the parties' intent." ***Betz v. Diamond Jim's Auto Sales***, 2014 WI 66, ¶39, 355 Wis. 2d 301, 849 N.W.2d 292.

¶18　　Pursuant to the above-stated principles of contract interpretation, I first examine the text of the lease in order to determine whether the lease term is unambiguously stated.

¶19　　The lease consists of thirty-nine numbered, printed paragraphs. Paragraph four of the lease states that the lease term is from July 1, 2021, until August 30, 2022, a total of fourteen months.　Moore's and Burger's signatures both appear on the last page of the lease, after the last numbered, printed paragraph in the lease, and each signature is accompanied by the date June 24, 2021.　Below the dated signatures are three unnumbered handwritten paragraphs. The first pertains to the amount of rent and when rent is due, and the second pertains to whether Burger may have pets in the residence and for what monthly fee.　Neither of the first two handwritten paragraphs contains any date or additional signature.　The last of the handwritten paragraphs, which, unlike the first two handwritten paragraphs, appears in darker writing and with a hanging indent as shown below, states the following:

> Amendment from page 1 #4 lease will be a month-to-month from 8-1-21 to July 31, 22 then will convert to a year's lease [unintelligible] of lease (8-30-22). If any breach of lease occurs in the term the parties will and shall quit and surrender [the residence] in 28 days with a 28 day notice from landlord.[2]

---

[2] The following is an image of the actual handwritten paragraph:

¶20    Directly underneath the first line of this paragraph and to the far left of the remaining lines appear the initials EDM and a date of *June 26, 2021*, both to the immediate left of a vertical slash, with nothing to the right of the slash. EDM are the undisputed initials of the landlord, Eric Moore. Neither Burger's initials nor her signature appear anywhere by or around any of the handwritten paragraphs. The only place that Burger's initials or signature appear on the lease is above the handwritten paragraphs in the aforementioned signature block, where her signature appears with the accompanying date of *June 24, 2021*.

¶21    The face of the lease, including the numbered, printed paragraphs above the signature block and the third handwritten paragraph below the signature block, unambiguously establishes the following: first, the lease signed by Moore and Burger on June 24, 2021, was for a term of more than one year; second, the third handwritten paragraph purporting to amend the lease term was added on June 26, 2021, two days after the lease was signed by Moore and Burger; and third, Burger did not sign or initial any provision amending the term of the lease. Accordingly, I conclude that, based on the face of the lease in its entirety, the lease that Burger signed was not amended from a term of more than one year to a month-to-month tenancy.

¶22    The circuit court considered testimony by the parties concerning whether the handwritten paragraph purporting to amend the lease term was added before or after the signing of the lease, but I am precluded from considering that testimony or the court's findings based on that extrinsic evidence because the text of the lease itself is unambiguous. *See Betz*, 355 Wis. 2d 301, ¶39.

¶23    Moore makes no argument based on the face of the lease regarding whether the handwritten paragraph purporting to amend the lease term was added

8

before or after the signing of the lease. Rather, Moore argues that "[r]egardless of when [the handwritten paragraphs] were [added to the lease], [Burger] acknowledged that she was given a copy of the lease when she moved in [on July 4, 2021[3]], the same lease that had all three (3) [handwritten paragraphs] on it." Moore further argues that Burger "involuntarily consented" or "involuntarily accepted" the amendment to the lease term because Burger did not object to the paragraph purporting to make that amendment when she was given a copy of the lease on the day she moved in. Moore states that it is Burger's "fault" for not "re-read[ing] the lease when it was given to her" when she moved in, and for not "check[ing] the lease over again[.]"

¶24 I discern Moore's argument to be that a paragraph purporting to amend a lease, which is added after the lease is signed and is not itself signed by the tenant, amends the lease if the tenant fails to object to the paragraph when it is discovered. However, Moore fails to provide any legal authority to support that argument, or any other argument he may intend to make that the third handwritten paragraph amended the lease term without any indication that Burger signed or initialed it. Accordingly, I do not consider Moore's arguments further. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (providing that this court need not consider "[a]rguments unsupported by legal authority" (citation omitted)); *Pettit*, 171 Wis. 2d 627, 646, (this court may decline to consider arguments that are inadequately briefed or lack references to pertinent legal authority).

---

[3] Moore states in his brief that Burger moved into the residence on July 4th, and Burger does not dispute that fact.

¶25    In sum, the lease unambiguously provides for a lease term of more than one year, and Moore fails to support his arguments that the lease term was amended. I next turn to the issue of whether Moore provided Burger with the requisite notice to terminate the tenancy.

## II. Notice

¶26    Burger argues that the circuit court erred when it determined that the September 3 notice was sufficient to terminate Burger's tenancy because, as Burger asserts, a lease for more than one year requires a thirty-day notice pursuant to WIS. STAT. § 704.17(3)(a), and Burger was provided with only a twenty-seven day notice.

¶27    As stated, the lease at issue here unambiguously provided for a lease term of more than one year. Proper notice for termination of a tenancy under a lease for more than one year is governed by WIS. STAT. § 704.17(3)(a), which states in pertinent part:[4]

> (3) Lease for more than one year.

---

[4] Under WIS. STAT. § 704.17(5)(a), parties to a lease for more than one year may override the WIS. STAT. § 704.17(3)(a) notice requirement by setting forth termination provisions in the lease that are contrary to subsection (3). Here, the same handwritten paragraph that purportedly amended the lease term also contained a purported amendment to the notice requirement. The printed text of the lease (above the signature block) contained a provision that states, "The failure of Tenants or their guests or invitees to comply with any term of this Agreement is ground for termination of the tenancy, with appropriate notice to Tenants and procedure required by law." The handwritten paragraph stated that "[i]f any breach of lease occurs in the term the parties will and shall quit and surrender [the residence] in 28 days with a 28 day notice from landlord." For the same reasons that I have not considered Moore's arguments that this handwritten paragraph amended the unambiguous lease term of more than one year, I do not address whether the notice provided here complied with the notice requirement in the handwritten paragraph.

10

> (a) If a tenant under a lease for more than one year fails to pay rent when due … or breaches any other covenant or condition of the tenant's lease, *the tenancy is terminated if the landlord gives the tenant notice requiring the tenant to pay the rent … or otherwise comply with the lease on or before a date at least 30 days after the giving of the notice*, and if the tenant fails to comply with the notice.

(Emphasis added.)

¶28    It is undisputed that Moore first gave Burger a notice on September 3, 2021, which stated that Moore was terminating the lease due to violations of two lease provisions.  The notice stated that the tenancy was terminated as of September 30, 2021.

¶29    As the circuit court found, Moore provided Burger with notice of termination of the tenancy twenty-seven days before termination of the tenancy (September 3 is twenty-seven days before September 30).  That is less than the thirty days required by WIS. STAT. § 704.17(3)(a).  Because Moore failed to provide the required notice under § 704.17(3)(a), the notice did not have the effect of terminating Burger's entitlement to occupancy of the premises.  *See* WIS. STAT. § 704.19(8).  Consequently, Moore cannot commence an eviction action against Burger under WIS. STAT. § 799.40(1) (stating that eviction actions may be commenced against persons who are *not* entitled to either the possession or occupancy of the property at issue).

¶30    Moore argues that, even if the lease term was for more than one year, proper notice was given because *Burger* terminated the tenancy when she sent a text message to Moore on September 3, 2021, in response to his notice of that same date, stating that she would move out in thirty days.  Moore bases this argument on the following undisputed text message exchange between Moore and Burger on September 3, 2021:  Burger sent a text message to Moore that stated

that she will "move out in 30 days," and Moore responded in pertinent part "please be out by the 30ᵗʰ. Thank [you] … now [I] have it that [you] know about [the notice, and] agree to it[.]" While there is a statute providing for the termination of a lease by a tenant, *see* WIS. STAT. § 704.21(2), Moore does not cite that statute or any other legal authority to support his proposition that Burger terminated the tenancy when she responded to his notice terminating the tenancy in twenty-seven days, by stating that she would move out in thirty days. Accordingly, I do not consider this argument further. *See **Industrial Risk Insurers***, 318 Wis. 2d 148, ¶25; ***Pettit***, 171 Wis. 2d at 646.

## CONCLUSION

¶31 For the reasons stated above, I reverse the judgment of eviction granted by the circuit court and remand for additional proceedings.

*By the Court.*—Judgment reversed and cause remanded for additional proceedings.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

12